## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM  R. VANCE JR., *Independent Executor of the Estate of Florence K. Grace, Deceased*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-4115 |
| DOUGLAS H. SHULMAN, *Commissioner of Internal Revenue, Internal Revenue Service*, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM & OPINION

The plaintiff, William R. Vance, Jr., the executor of the estate of Florence K. Grace, filed

this interpleader action on December 29, 2009.  (Docket Entry No. 1).  The three items of property

that the executor wants to deposit in this court's registry are a house on land in Smyrna, Georgia,

and stock in two Texas corporations, Radio Licensing, Inc. and Tricom Broadcasting, Inc.  The

interpleader complaint names parties with three kinds of potential claims to the property:  potential

heirs to the estate—Carolyn G. Vance, Kimberly A. Grace, Karen V. Atkinson, and Vance Jr. (not

in his capacity as executor); a potential heir who claims already to own the property

outright—Carolyn G. Vance; and the Internal Revenue Service.  The executor's claim against

Carolyn Vance, the sole heir named in Florence Grace's will, was based on the fact that in the

previously held state probate court proceedings, Carolyn Vance claimed that through gifts, she

already owns the disputed properties that the executor argues belongs to the estate.  The executor's

claim against the IRS arose from the likelihood that the estate might owe additional income taxes

based on amended returns that had been filed, and from the possibility that the estate could owe

estate and/or gift taxes.  The executor sought to be discharged from the suit in his capacity as

executor, an injunction against filing suit in any other forum against him, and costs and attorney's

fees.

After a hearing held May 7, this court stayed the action to allow the IRS to examine the

estate's amended returns to determine whether there was in fact any claim for additional income-tax

liability. (Docket Entry No. 20).  The IRS concluded that the estate had no additional income-tax

liability, withdrew any claim for additional income taxes, and moved to be dismissed from the suit.

(Docket Entry No. 25).  Carolyn Vance, Brett Vance, and Karen Atkinson have asked this court to

abstain in favor of the pending state-court probate proceedings.    (Docket Entry No. 22).  The

executor has opposed both dismissing the IRS and the motion for this court to abstain from deciding

this case.

Based on the pleadings, the motions and responses, the record, the arguments of counsel, and

the applicable law, this court concludes that the IRS should be dismissed and that abstention is

appropriate.  The reasons are explained in detail below.

## I.      Background:  The Probate Court Litigation

This is the fifth legal proceeding spawned by the administration of Florence Grace's estate.

The first and principal action is the probate proceeding in Brazos County, Texas.  There, Carolyn

Vance has filed a motion to remove Vance Jr. from his position as executor of the estate and sought

declaratory relief that the Tricom stock, which Vance Jr. claims as estate property, does not belong

to the estate.  Vance Jr., in turn, has filed a motion for a ruling that Carolyn Vance forfeited her

claim to the estate by violating the will's no-contest provision.  Discovery disputes have resulted

in the probate court issuing sanctions against Vance Jr.  On January 27, 2010, the probate court held

that Carolyn Vance did not violate the no-contest provision.  A trial on the removal of Vance Jr. as

executor was to take place earlier this month.  Pending before the same judge in Brazos County is

Carolyn Vance's suit for breach of fiduciary duty against Vance Jr. and the Western Surety

Company.  She alleges that their breach damaged the estate.  In a third Brazos County lawsuit,

Carolyn Vance seeks $725,000 in damages against Vance Jr. for alleged malfeasance relating to a

transaction involving Radio Licensing.  Finally, there is an ancillary probate court proceeding in

Georgia in relation to the Smyrna, Georgia real estate.

At a status conference held in this interpleader suit on September 10, the parties updated this

court on the case and presented arguments on the motions.

## II.     The IRS Motion to Dismiss

The IRS argues that it should be dismissed from this interpleader action because it has

withdrawn any claim for additional unpaid income taxes owed by the estate.  The executor opposed

dismissal unless the IRS also agrees that neither the estate (nor the executor) would have any

liability for any estate or gift taxes.  The IRS is not prepared to make such a commitment because

the probate proceedings are still ongoing.  No determination has been made about whether the

Georgia real property and the stock are outside the estate, as the sole heir named in the will

contends, or part of the estate, as the executor contends.  If the real property is part of the estate,

there may be estate tax liability; if not, there will likely be no such liability.

The IRS is not a proper party to this interpleader action about whether specific property  is

part of the estate.  Any claims for estate taxes by the IRS would be against the estate, not the

disputed properties.  The Fifth Circuit's decision in *Airborne Freight Corp. v. United States*, 195

3

F.3d 238 (5th Cir. 1999), is illustrative. In that case, a party claiming specific property of a company

was not allowed to maintain an interpleader action against the holder of a general judgment against

the company. The court explained: "[the judgment creditor's] claim is against [the company], not

the stake, and . . . [the creditor] cannot be forced to attempt to satisfy its general judgment against

the stake." *Id.* at 241. Here, the IRS's claims, if any, are against the estate, not against the property

that may or may not belong to the estate. Even were the estate the *res* at issue, this court could not

determine whether the estate tax had any liability at this time. The IRS must know what the estate

contains before knowing if it has an estate tax claim to assert. The contents of the estate are

disputed. This claim is premature.

The IRS's motion to dismiss is granted, without prejudice to the ability of the executor or

other interested parties to challenge any claim the IRS might assert for estate taxes in the future.

**III.    Abstention**

Carolyn Vance, Brett Vance, and Karen Atkinson move for dismissal on the basis that this

court  should abstain in favor of the pending state court probate proceedings. "[T]he authority of

a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has

discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). An

interpleader action is an equitable action. *See, e.g.*, *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d

623, 631 (5th Cir. 2002) ("[I]nterpleader . . . is an equitable action . . . ."); *Am. Airlines, Inc. v.

Block*, 905 F.2d 12, 14 (2d Cir. 1990) ("[I]t is well recognized that interpleader is an equitable

remedy . . . .").

Many courts have held that it is appropriate to abstain from deciding an interpleader action

when a previously filed state-court action would resolve the competing claims made the basis of that

action.  *See, e.g.*, *Am. Airlines*, 905 F.2d at 14; WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE

§ 1709 (collecting cases).  In two cases, however, the Fifth Circuit has stated that abstention should

be more limited and only applied when a case involves an "important question of the public policy

of the State."  *Boston Old Colony Ins. Co. v. Balbin*, 591 F.2d 1040, 1044 (5th Cir. 1979); *Md.*

*Casualty Co. v. Gassell-Taylor & Robinson*, 156 F.2d 519, 524 (5th Cir. 1946).  The *Maryland*

*Casualty* court expressed concern that "the usefulness of the statutory remedy interpleader . . .

[would] be impaired by narrow and restrictive rulings" unless abstention was reserved for "important

question[s] of public policy of the State" whose law governed.  156 F.2d at 524.  The issues are

whether these cases are still valid law in this circuit and, if so, whether abstention under  *Younger*[1]

or *Colorado River*[2] nonetheless justifies abstention in this case.

Courts disagree about whether the Fifth Circuit cases limiting abstention are still valid.

*Compare Chaffe McCall, LLP v. World Trade Ctr. of New Orleans*, Civ. A. No. 08-4432, 2009 WL

322156, at *6 (E.D. La. Feb. 9, 2009) (holding that the Fifth Circuit cases are still valid law and

abstention must satisfy *Colorado River*) *with Vanderbilt Home Furnishings, Inc. v. Bessemer Trust*

*Co.*, No. 95-8697-CIV-DAVIS, 1998 WL 188101, at *3 (S.D. Fla. Mar. 2, 1998) (holding that

subsequent Supreme Court decisions have abrogated the Fifth Circuit approach).[3]  The Fifth Circuit

has not recently addressed the appropriate abstention standard for interpleader actions.   In

---

[1]  *Younger v. Harris,* 401 U.S. 37 (1971).

[2]  *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976).

[3]  The *Vanderbilt Home* court was in the Southern District of Florida, which is in the Eleventh Circuit.
Because Fifth Circuit cases preceding the Eleventh Circuit's creation are binding authority in the Eleventh
Circuit, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court had to
consider whether *Boston Old Colony* and *Maryland Casualty* were still good law.  *Vanderbilt Home*, 1998
WL 188101, at *2.

concluding that subsequent Supreme Court cases call for a reexamination of the Fifth Circuit's

earlier approach, the court in *Vanderbilt Home* cited *NYLife Distributors, Inc. v. The Adherence*

*Group*, 72 F.3d 371 (3d Cir. 1995). *Vanderbilt Home*, 1998 WL 188101, at \*3. In that case, the

Third Circuit relied on the line of cases, culminating in the Supreme Court's decision in *Wilton v.*

*Seven Falls Co.*, 515 U.S. 277 (1995), analyzing discretionary abstention in actions brought under

the declaratory judgment statute. Based on these cases, the court in *NYLife* held that the standards

for abstention were a matter of statutory construction and that the interpleader statute allowed for

the same kind of discretionary abstention available when a district court dismisses a declaratory

judgment action in favor of parallel state proceedings (known as *Brillhart* abstention).[4] 72 F.3d at

381–82.

District courts within the Fifth Circuit have not followed *Vanderbilt Home*. In *Chaffe*

*McCall*, the district court explicitly rejected the *Vanderbilt Home* approach, relying on the Fifth

Circuit case law stating that *Brillhart* abstention applies only to a declaratory judgment suit. 2009

WL 322156, at \*6–7 (citing *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th

Cir. 1994) (per curiam)). Instead, the court in *Chaffe McCall* noted that it, like some other district

courts within the Fifth Circuit, would apply the more demanding *Colorado River* abstention

standard. *Id.* at \*5; *accord W. Side Transp., Inc.*, v. *Apac Miss., Inc.*, 237 F. Supp. 2d 707, 714 (S.D.

Miss. 2002). *Colorado River* is not obviously consistent with the prior Fifth Circuit cases, because

it does not require the court to find an important state policy question that dictates abstention.

Nevertheless, the court's continued adherence to the *Maryland Casualty* standard has been based

on the Supreme Court's abstention cases being "entirely consistent with our holding in *Maryland*

---

[4] The name comes from the Supreme Court's decision in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

*Casualty*." *Boston Old Colony*, 591 F.2d at 1044. Neither *Colorado River* nor subsequent Fifth Circuit cases provide any reason to believe that *Colorado River* does not apply to the interpleader statute. *See Southwind Aviation*, 23 F.3d 948 (noting that the Fifth Circuit appl[ies] one of two different tests when reviewing a district court's exercise of its discretion to abstain because of the presence of ongoing parallel state litigation" and discussing when *Brillhart* and *Colorado River* are appropriate). Moreover, as the Supreme Court has emphasized, "[t]he various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases," but rather "reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 n. 9 (1987). *Colorado River* abstention is consistent with Fifth Circuit precedent. To the extent that *Colorado River* may be viewed as inconsistent, it nonetheless applies to the interpleader statute. Because abstention is appropriate under *Colorado River* abstention, there is no need to determine whether the Fifth Circuit would apply *Brillhart* abstention to the interpleader statute.

A federal court may abstain under *Colorado River* to avoid exercising jurisdiction to decide a claim that is also pending in parallel litigation in state court and properly decided there. While the Court in *Colorado River* noted the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," and cited the general rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," the Court nonetheless observed that considerations of federal-state comity and "wise judicial administration" can justify federal court abstention in favor of a parallel state court proceeding. *Colorado River,* 424 U.S. at 817–18. The doctrine applies only if there are parallel state and federal court proceedings. *See Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006). Suits

are parallel if they "involv[e] the same parties and the same issues." *Id.* (quotations omitted). "[I]t may be that there need not be applied in every instance a mincing insistence on precise identity of parties and issues." *Id.* (quotations omitted). Courts frequently define "parallelism" for purposes of *Colorado River* abstention in terms of "substantially the same parties" litigating "substantially the same issues." *See, e.g.*, *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006); *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000); *Allen v. Bd. of Educ., Unified Sch. Dist.*, 436, 68 F.3d 401, 402 (10th Cir. 1995). The central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005); *accord Rowley v. Wilson*, 200 F. App'x 274, 275 (5th Cir. 2006) (unpublished opinion) (holding that suits were not parallel for *Colorado River* abstention purposes because some defendants were in the federal case but not in the state suit, and in the federal case, the plaintiff asserted claims against those defendants).

If there are parallel state and federal suits, the federal court must then evaluate whether there are "exceptional circumstances" that make abstention appropriate. These factors include: (1) whether there is a *res* over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation; (4) which case has priority, decided not simply looking at which case was filed first but rather by focusing on the relative progress made in each case; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). These factors are not a "mechanical checklist." *Id.* Courts allow abstention even where some of the factors did not favor abstention. *See, e.g.*, *Jiminez v. Rodriguez-Pagan*, 597 F.3d 18, 28 (1st Cir. 2010) (affirming abstention in a probate-related case even though

multiple *Colorado River* factors were "neutral").

This case involves parallel pending state and federal court proceedings. The properties that the executor wants to deposit in the registry of this court are the same properties at issue in the probate proceedings filed in Bryan, Texas and Georgia. In the state-court probate proceeding in Texas and, if needed, in the ancillary proceeding in Georgia, the primary issues are whether these properties belong to the estate, as the executor contends, or to those named in this federal suit as the interpleader defendants. The executor's argument that the proceedings are not parallel was based on the IRS's presence in this action as an interpleader defendant. This court has dismissed the IRS from this interpleader suit. The issues and parties in this suit and in the state probate proceedings are substantially identical.

Because there are parallel proceedings, the *Colorado River* factors must be examined. The first factor favoring abstention is the existence of common property in dispute. The executor acknowledges that state-court probate proceedings addressing the stock and real estate have already begun. Indeed, on December 29, 2009, the executor certified to this court that he could not place the stock in the registry of this court because it "is currently held in safekeeping at First Victoria National Bank's Trust Dept . . . under a Texas safekeeping agreement approved by the Texas state court where the will was admitted to probate." (Docket Entry No. 2). The first factor weighs strongly in favor of abstention.

The second factor, the convenience of the federal forum, is neutral or weighs very slightly in favor of abstention. The interpleader defendants are in the Bryan, Texas area, which is where the Texas probate case is pending. Counsel for Carolyn Vance proffered a showing that his client's age and limited mobility and poor health made that forum more convenient. This factor slightly favors

abstention.

The relative priority of the actions favors abstention. Although the probate court proceedings have apparently experienced some delays, the Texas proceeding has been pending for some time and the parties have litigated a number of issues relating to the estate. By contrast, this interpleader action has just been filed and there has been no progress toward resolving whether the stock or real property are part of the estate or not.

Maintaining this federal action will not avoid piecemeal litigation. The executor argues that this federal court, unlike the Texas probate court, can resolve all claims relating to the Georgia real estate. But under the local-action doctrine, this court cannot adjudicate a dispute over title to real property in Georgia. *See Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 721 (5th Cir. 2010). By contrast, the Texas probate court or the Georgia probate court could decide disputes as to the Georgia property and the Texas stock. Maintaining this interpleader action would add to the piecemeal nature of the litigation, not reduce it. This court cannot conduct or conclude the probate proceedings. If this court were to find that the Georgia real property is properly part of the estate, probate will continue. If this court were to find that this property were not part of the estate, probate will continue. The executor has named as interpleader defendants several individuals who could inherit estate property and alleged that Carolyn Vance has violated the will's no-contest provision. The same allegations are before the Texas probate court. (Docket Entry No. 22, pp. 2–4). Federal courts lack expertise to resolve such allegations. *See, e.g.*, *Lepard v. NBD Bank,* 384 F.3d 232, 237–38 (6th Cir. 2004) (affirming a refusal to exercise jurisdiction over claims that the defendants had breached their fiduciary duties in the administration of two trusts, because the issues "fall squarely within the exclusive jurisdiction of the Michigan probate courts"). Although the probate

exception to subject matter jurisdiction does not appear to apply, the issues are nonetheless within

the particular expertise of the probate court.[5] *See Cenker v. Cenker*, 660 F. Supp. 793, 795–96 (E.D.

Mich. 1987) (noting that abstention is particularly appropriate in probate-related cases in light of

"the strong state interest in such matters generally," the "well-developed competence" of the probate

courts in handling these matters, and the greater familiarity that the probate court typically will have

with the facts of a particular case (internal quotation marks and citations omitted)). The piecemeal-

litigation factor favors abstention.

The probate courts provide an adequate forum in which the executor may obtain a resolution

of the disputes over whether the three items of property are part of the estate or not.   The probate

courts have developed considerable expertise over issues relating to the whether property is part of

an estate.  This state system has already been engaged in this case.  While the Texas probate court

has limited authority to provide a complete resolution of claims to the Georgia property, so does this

court.  The state courts are not inadequate in a way that would weigh against abstention.

The final factor, whether the actions involve state or federal law, weighs in favor of

abstention.  This interpleader action raises only state-law questions.  The probate courts in Texas

or Georgia are fully capable of deciding the questions, including whether the disputed properties are

part of the estate or not.

---

[5]   In *Marshall* v. *Marshall*, the Supreme Court held that a claim based on a "widely recognized tort" such as tortious interference with an expectancy of an inheritance or gift is outside the probate court exception. 547 U.S. 293, 312 (2006); *Jones v. Brennan*, 465 F.3d 304, 307–08 (7th Cir. 2006) (a claim for breach of fiduciary duty is outside the probate exception); *Hamilton v. Nielson*, 678 F.2d 709, 710 (7th Cir. 1982) (federal jurisdiction was proper in an action in which the plaintiff alleged that coexecutors of a decedent's estate were negligent in handling the estate's stock); WRIGHT *ET AL.*, *supra*, § 3610 (noting that a federal court may entertain a suit that will establish a claimant's right in a binding way in state probate proceedings, although the federal court "may not directly order the distribution of property in the custody of a state court.") (collecting cases).

The policy underlying the form of abstention endorsed by the Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971), and its progeny also supports this result.  "In our litigious era, multiple lawsuits arising from the same occurrence are commonplace. *Younger* abstention is built upon common sense in the administration of a dual state-federal system of justice in such an era." *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998).  *Younger* abstention is triggered when a parallel state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise any federal claims.  *Carroll,* 139 F.3d at 1074.  Federal courts have held that because the state probate courts are uniquely qualified to address the matters within their specific purview and have a strong interest in doing so.  Federal courts are reluctant to exercise jurisdiction if it might interfere with the functioning of the state probate courts in these areas, *see, e.g., Lepard v. NBD Bank*, 384 F.3d at 237–38 (affirming a refusal to exercise jurisdiction over claims that the defendants had breached their fiduciary duties in the administration of two trusts, as such matters "fall squarely within the exclusive jurisdiction of the Michigan probate courts"); *Cenker v. Cenker*, 660 F. Supp. 793, 795–96 (E.D. Mich.1987) (noting that abstention is particularly appropriate in probate-related cases, in light of "the strong state interest in such matters generally," the "well-developed competence" of the probate courts in handling these matters, and the greater familiarity that the probate court typically will have with the facts of a particular case (internal quotation marks and citations omitted)); *Kawecki ex rel. Marlowe v. County of Macomb*, 367 F. Supp.2d 1137, 1145–46 (E.D. Mich. 2005).

In sum, the criteria favoring abstention are met.  This court dismisses this case, without prejudice, based on abstention.

**III.    Conclusion**

The IRS's motion to dismiss is granted; the interpleader defendants' motion to dismiss is granted.  An order of dismissal is separately entered.

SIGNED on September 17, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge